# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAVID D.,[1] <br><br> Claimant, <br><br> v. <br><br> ANDREW SAUL, Commissioner <br> of Social Security, <br><br> Respondent. | No. 17 C 6822 <br><br> Magistrate Judge Jeffrey T. Gilbert |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Claimant's Amended Motion for Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b) [ECF No. 35]. Claimant's counsel seeks approval of $50,069.50 in attorney fees pursuant to a fee agreement with Claimant and under 42 U.S.C. § 406(b). For the reasons set forth below, the Court grants Claimant's Amended Motion for Approval of Attorney Fee [ECF No. 35] and awards attorney fees in the amount of $50,069.50. Claimant's counsel shall return to Claimant the $7,096.92 fee previously awarded under the Equal Access to Justice Act ("EAJA").

## BACKGROUND

Claimant filed this action pursuant to 42 U.S.C. § 405(g), seeking review of the Commissioner's final decision denying his application for disability insurance benefits. On June 25, 2018, this Court entered judgment for Claimant and granted the Commissioner's agreed motion to reverse and remand the Commissioner's decision for further administrative proceedings under

---

[1] Pursuant to Northern District of Illinois Local Rule 8.1 and Internal Operating Procedure 22, the Court will identify the non-government party by using his or her full first name and the first initial of the last name.

sentence four of 42 U.S.C. § 405(g).  *See* [ECF Nos. 25, 26].  Upon remand, the Commissioner issued a favorable decision on Claimant's underlying application for disability benefits. On November 5, 2019, the Social Security Administration (the "Agency") issued a notice of award, which found that Claimant was entitled to past-due benefits between July 2012 and August 2019, and withheld $33,656.75 of the total past-due benefits for payment of attorney fees.  *See* [ECF No. 33-1], at 1-2.

On June 20, 2020, Claimant's counsel filed a motion seeking payment of $33,656.75 for attorney fees under 42 U.S.C. § 406(b)(1).  *See* Claimant's Motion for Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b), [ECF No. 33].  One month later on July 20, 2020, the Agency issued a second notice of award for past-due benefits due to Claimant's dependent child and withheld $16,412.75 for payment of attorney fees.  *See* [ECF No. 35-2], at 1-2.  On July 23, 2020, counsel filed an amended motion seeking payment of $50,069.50 in attorney fees for 34.60 hours of work performed in representing Claimant before this Court.  *See* Claimant's Amended Motion for Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b), [ECF No. 35].[2]  Counsel has represented he will refund to Claimant the $7,096.92 previously awarded to counsel under the EAJA upon receipt of the section 406(b) fees.  *See* Claimant's Amended Motion, [ECF No. 35], at 2.

## DISCUSSION

The United States Supreme Court has held that 42 U.S.C. § 406(b) establishes the "exclusive regime for obtaining fees for successful representation of Social Security benefits claimants."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 795-96 (2002).  Section 406(b) provides in relevant part:

---

[2] Claimant's original Motion for Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b) [ECF No. 33] is denied as moot in light of the filing of the Amended Motion [ECF No. 35].

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). In *Gisbrecht*, the Supreme Court concluded that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." 535 U.S. at 807. Rather, district courts must review fee arrangements as an "independent check, to assure that they yield reasonable results in particular cases." *Id.* The reasonableness test is "based on the character of the representation and the results the representative achieved." *Id.* at 808. The Supreme Court noted that a reduction in the contingent fee may be appropriate when the amount requested would represent a windfall to the attorney in light of the time and effort expended by the lawyer. *Id.* Specifically, the Supreme Court noted that a reduction could be warranted when, for example: (1) the attorney provided "substandard" representation; (2) the attorney is responsible for a delay and would "profit from the accumulation of benefits during the pendency of the case in court"; or (3) "the benefits are large in comparison to the amount of time counsel spent on the case." *Id.*

Although the Commissioner has no direct stake in the payment of attorney fees to a claimant's counsel pursuant to 42 U.S.C. § 406(b), the Supreme Court also recognized in *Gisbrecht* that the Commissioner "plays a part in the fee determination resembling that of a trustee for the claimants." 535 U.S. at 798 n.6. As the Seventh Circuit noted in *McGuire v. Sullivan*, "[i]n all cases, the court should consider the reasonableness of the contingency percentage to make sure the attorney does not receive fees which are out of proportion to the services performed, the risk of loss and the other relevant considerations." 873 F.2d 974, 981 (7th Cir. 1989). Ultimately, a

3

claimant's attorney bears the burden of proving "that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 806 n.17.

In this case, the Commissioner filed a response to counsel's Amended Motion seeking payment of his attorney fees. *See* Commissioner's Response to Petition for Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Commissioner's Resp."), [ECF No. 40]. The Commissioner does not dispute the successful results counsel achieved for Claimant before this Court and the subsequent award of significant benefits on remand before the Agency. Nor does the Commissioner contend that counsel was responsible for any delay in the litigation of this case or that the quality of representation was substandard. The sole question raised by the Commissioner is whether the attorney fees sought in this case are unreasonable because the Commissioner contends the total amount sought would result in a windfall to counsel. The Commissioner argues that the attorney fees Claimant's counsel seeks are unreasonably high for essentially three reasons: (1) the increase in the amount of attorney fee requested based on an award of benefits to Claimant's dependent child did not require any additional work by Claimant's counsel beyond what he had done to obtain a benefits award for Claimant himself; (2) counsel will be paid a high implied effective hourly rate based on the requested attorney fee as compared to the hours actually worked; and (3) the contingency risk of non-payment for attorneys who litigate social security benefits cases in the Seventh Circuit does not justify the attorney fee requested here. *See generally* Commissioner's Resp., [ECF No. 40]. The Court is not persuaded that any of the Commissioner's arguments merit a reduction in counsel's attorney fee under the circumstances of this case, and it will address each argument in turn.

The Commissioner notes that the total past-due benefits in this case are as high as they are only because Claimant's dependent child became eligible for benefits based solely on his father's

4

disability. *See* Commissioner's Resp., [ECF No. 40], at 3-4.  The Commissioner argues that the benefits obtained for Claimant's child should not be included for purposes of determining a reasonable attorney fee award here because counsel did not perform any additional work in the federal court case to obtain benefits for Claimant's child, citing *Jose R. v. Saul*, 2020 WL 635911 (N.D. Ill. Feb. 11, 2020).  In *Jose R.*, the court declined to award any attorney fee based on the benefits obtained for the claimant's son in part because it felt that including the award to the claimant's dependent son in the numerator for the purpose of determining the fee to be paid to counsel would result in a windfall to counsel under the circumstances of that case since counsel did no additional work to secure the benefit award to the claimant's son.  2020 WL 635911, at *2.  "Additionally," the court said, it "believe[ed] it only ha[d] the ability to award fees for work done before it." *Id.*

In *Hopkins v. Cohen,* 390 U.S. 530 (1968), however, the Supreme Court held that an attorney fee award in a social security disability case properly can and should be based upon the benefits awarded to the claimant and to the claimant's dependents.  390 U.S. at 534-35.  The court in *Jose R.* cited favorably the dissent in *Hopkins* for the proposition that benefits awarded to a claimant's dependents only should be included in the attorney fee calculation if the dependents were active plaintiffs in the federal case.  2020 WL 635911, at *2.  The claimant's son in *Jose R.* was not an active participant in the litigation in federal court, and the court said it was appropriate to consider that fact when analyzing the reasonableness of the attorney fee award sought by the claimant's counsel in that case.  2020 WL 635911, at *2. But the majority in *Hopkins* held that an attorney ordinarily could receive a fee based on the benefits awarded both to the claimant and the claimant's dependents.[3]

---

[3] The Commissioner does not appear to argue here that the Court is without jurisdiction to consider the dependent's benefits in computing counsel's fee. Rather, based on the reasoning in *Jose R.*, the

In *Jose R.*, the court also declined to award the attorney fees requested "in part because of the already high hourly rate sought" by the claimant's counsel in that case. *Id.* By this Court's calculation, the attorney fee request in *Jose R.*, based on the benefits awarded to the claimant and his son, would have resulted in an effective rate of $2,123 per hour based on the number of hours the claimant's counsel claimed to have worked on the case, and $2,984 per hour based on the number of hours the court in that case found were based on valid attorney time entries.[4] The Commissioner argues that the reasoning in *Jose R.* supports a finding that counsel in this case should be limited to no more than $33,656.76 as a § 406(b) attorney fee award, which would equate to an effective hourly rate of $972.74 compared to the effective implied hourly rate of $1,447.09 being sought by Claimant's counsel in this case. This Court disagrees with the Commissioner that the result or reasoning in *Jose R.* mandates the fee award the Commissioner argues is reasonable in this case.

---

Commissioner's argument appears to be that it is unreasonable and even inequitable for Claimant's counsel to receive a fee based on the benefits awarded to Claimant's dependent child because counsel did no work to obtain those benefits besides litigating Claimant's social security disability claim. In the Court's view, that argument also is foreclosed by the Supreme Court's decision in *Hopkins*. In that case, the Court said that "proof of the husband's 'claim' results in a package of benefits to his immediate family and those benefits inure to the benefit of the head of the family who files the 'claim'." 390 U.S. at 534. Although perhaps a bit dated with its reference to the husband as "the head of the family," the rationale for the Court's conclusion – that benefits awarded to a claimant's dependent family members also inure to the benefit of the claimant – remains sound. Counsel's work litigating Claimant's claim here resulted in benefits being awarded to Claimant's dependent son that also inured to Claimant's benefit and, therefore, those benefits are properly included in the amount used to determine counsel's contingent fee, as the retainer agreement in this case (discussed later in this Memorandum Opinion and Order) entered into by Claimant and his counsel provides. *See* Retainer and Fee Agreement for Federal Court Representation, [ECF No. 35-3].

[4] The claimant's counsel in *Jose R.* sought $34,427.54 as an attorney fee based on the $137,710 in benefits awarded to the claimant and, by the Court's calculation, a fee of $8,245.50 of the $32,982 awarded to the claimant's son based on a 25% contingency fee. *See Jose R.*, 2020 WL 635911, at *1-2. The claimant's counsel claimed to have worked a total of 20.1 hours on the case, but the court determined that only 14.3 hours of recorded time were valid entries. *Id.* at *3-4.

6

The Court recognizes that counsel's fee request in this case substantially increased based on an award of benefits to Claimant's dependent child. Although counsel did not have to perform any additional work or incur any additional risk to obtain the child's benefits, that is not determinative in the Court's view as discussed above. The work performed by counsel conferred significant benefit on both Claimant and his dependent child, and Claimant and his counsel agreed that counsel would be paid based on the benefits ultimately awarded to Claimant and his child. Claimant entered into a contingency fee arrangement with counsel in which Claimant agreed to pay his counsel 25% of all past-due benefits awarded to him *and any beneficiaries* by the Social Security Administration. *See* Retainer and Fee Agreement for Federal Court Representation, [ECF No. 35-3] ("The 25% of past due benefits includes 25% of any benefits payable as 'auxiliary benefits' to dependents of the claimant, on the claimant's Social Security Account."). That is a perfectly legal fee agreement, and the Commissioner does not argue otherwise. Further, this contingency fee arrangement contemplated the exact scenario that occurred in this case with both Claimant and his dependent child being awarded benefits at the Agency level. The Court does not see any reason to upend that agreement *post facto*. Counsel should be compensated pursuant to the formula that was negotiated at the outset of counsel's agreement to represent Claimant in this case in federal court as long as the fee is reasonable. *See supra Gisbrecht* and *McGuire.* That counsel did not undertake any additional risk to obtain benefits for Claimant's dependent child does not detract from the fact that the work he did resulted in substantial benefits being paid to Claimant and his dependent child.

The Court also disagrees that the implied hourly rate that flows from the attorney fee request in this case greatly exceeds implied hourly rates that have been found to be acceptable in similar cases and, thus, would result in a windfall to counsel if approved in this case. The

7

Commissioner calculates an implied hourly rate of $1,447.09 based on an attorney fee award of $50,069.50 for 34.60 hours of attorney work. Commissioner's Resp., [ECF No. 40], at 3. While the Commissioner cites some cases in which district courts have found effective hourly rates similar to or even lower than what is being requested in this case to be unreasonable,[5] other courts within this district and elsewhere have found that similar effective hourly rates are reasonable and not a windfall to a claimant's counsel. *See, e.g., Evans v. Saul*, Case No. 16 C 4962 (N.D. Ill. July 12, 2019) (awarding an effective hourly rate of $1,492.21); *Zambrano v. Berryhill*, Case No. 14 C 0048 (N.D. Ill. May 30, 2017) (awarding $1,232.00 per hour); *Kirby v. Berryhill*, 2017 WL 5891059 (N.D. Ill. Nov. 29, 2017) (awarding $1,612.28 per hour); *Mathis v. Commissioner of Social Security*, 2017 WL 1483429 (W.D. Mich. Mar. 17, 2017) ($1,640 per hour); *Smith v. Colvin*, Case No. 14 C 3923 (N.D. Ill. Dec. 21, 2016) ($1,437 per hour); *Newman v. Colvin,* No. Case No. 13 C 6942 (N.D. Ill. Oct. 28, 2015) ($1,430 per hour) Thus, this Court has no trouble finding that counsel's effective hourly rate for the attorney fee requested in this case is in line with other similar rates approved within this district.[6]

More to the point, however, as discussed above, the Supreme Court held in *Gisbrecht* that analysis of an hourly rate determined under a lodestar approach is only one mechanism (and not the primary one for attorney fee awards under 42 U.S.C. § 406(b)) for gauging reasonableness, along with other factors such as "the character of the representation and the results the representative achieved." 507 U.S. at 807-08. Specifically, "[c]ourts have recognized that

---

[5] *See* Commissioner's Resp., [ECF No. 40], at 7-8.

[6] Claimant's counsel cites this Court's decision in *Polli v. Berryhill*, Case No. 17 C 1102 (N.D. Ill. Feb. 27, 2019), for the proposition that the Court awarded $18,600.00 as an attorney fee for 10.3 hours of work, which is an effective hourly rate of $1,805.00. *See* Claimant's Reply, [ECF No. 41-4]. The Commissioner, however, correctly points out that the attorney fee actually awarded in that case after counsel clarified that he worked 18.6 hours, not 10.3 hours, resulted in an effective hourly rate of $1,000 per hour. *See* Commissioner's Resp., [ECF No. 40], at 6.

*Gisbrecht's* 'reference to windfall leaves room for consideration of an effective hourly fee rate,' but only alongside other factors, including 'whether an attorney's success is attributable to his own work or instead to some unearned advantage,' the attorney's 'degree of expertise' and adequacy of representation, the percentage of back benefits sought, and the attorney's risk of loss.'" *Gossett v. Social Security Administration, Commissioner*, 812 F. App'x 847, 850-51 (11th Cir. 2020). The Seventh Circuit has stated that a court should consider "the reasonableness of the contingency percentage to make sure the attorney does not receive fees which are out of proportion to the services performed, the risk of loss and the other relevant considerations" and also recognized that the deference afforded the contingency fee agreement should be cast aside only in extraordinary circumstances. *McGuire*, 873 F.2d at 980-81. ("In addition, when an attorney and client have entered into a contingency agreement, due deference should be given to this expression of the intentions of the parties."); *see also McCarthy v. Astrue*, 2008 WL 4539959, at *3 (N.D. Ind. Oct. 8, 2008).

As noted above, the Commissioner does not dispute the successful result counsel achieved in this case and the award of significant benefits to Claimant on remand before the Agency. Nor does the Commissioner contend that counsel was responsible for any delay in the litigation of this case or that the quality of representation was substandard in any way. To the contrary, Claimant's counsel has significant experience in representing claimants seeking to obtain disability insurance benefits, and counsel successfully advocated for Claimant's interests in this case. Counsel did not submit a boilerplate brief in support of Claimant's appeal. Rather, counsel filed a detailed opening brief, which analyzed the specific issues involved and addressed the specific facts found in the medical record that supported Claimant's claim. *See* Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security, [ECF No. 15]. Counsel's arguments were

9

persuasive enough for the Commissioner to agree to a reversal and remand for further administrative proceedings under sentence four of 42 U.S.C. § 405(g) without the necessity of further briefing. *See* Defendant's Agreed Motion for Reversal with Remand for Further Administrative Proceedings, [ECF No. 22]. The quality of the work and the result achieved weigh in favor of a finding that the attorney fee requested here does not represent a windfall to counsel in this case.

The Commissioner's last argument is that the attorney fee requested is unreasonable based on the contingency risk Claimant's counsel undertook in accepting Claimant's case. *See* Commissioner's Resp., [ECF No. 40], at 8-14. The Commissioner argues that social security claimants generally do quite well both in the Northern District of Illinois and in the Seventh Circuit when challenging decisions by administrative law judges denying benefits at the Agency level. According to the Commissioner, the fee requested in this case is outsized and thus unreasonable when the contingent risk of no fee recovery is taken into consideration.

The truth is that it is very difficult to handicap the chances of success in any particular legal dispute including in social security disability cases. Both sides here spend a good deal of time in their briefs arguing about whether social security claimants have a plus or minus 50% chance of success in this district. In one now dated case decided almost a decade ago, *Martinez v. Astrue*, 630 F.3d 693 (7th Cir. 2011), the Seventh Circuit estimated that only 35% of social security appeals result in an award of benefits. 630 F.3d at 695. More recently, however, in a case highlighted by the Commissioner, a magistrate judge in this district did an analysis of cases within an 18-month time frame during 2014-2015 and found that social security claimants appeared to be successful ultimately in roughly 50% of the cases brought in court. *See* Commissioner's Resp., [ECF No. 40], at 13-14 (discussing *Detlaff v. Colvin*, 2015 WL 3855332, at *2-3 (N.D. Ill. June

10

22, 2015) (Cole, M.J.)). That judge concluded that "[a] 50-50 shot in a Social Security disability case does not seem much more risky than any other type of case – and maybe not as much." *Id.* at *3.

Yet lawyers in social security cases are limited to a 25% contingent fee while lawyers in other types of civil cases commonly handled on a contingent fee basis, such as civil rights or personal injury cases, typically enter into contingent fee agreements with their clients that provide for an attorney fee of 33.33% or 40% net of expenses. Does that mean that social security benefits lawyers are undercompensated for the risk they take compared to counsel in other cases? Not so, says the Commissioner. Attorney fees also are available to counsel in social security cases under the EAJA when a district court remands a case to the Agency even if the claimant does not ultimately obtain benefits on remand. So, this cushions the risk of non-payment to the attorney in social security cases. *See* Commissioner's Resp., [ECF No. 40], at 13. To which Claimant's counsel responds that EAJA fees typically are paid at the rate of approximately $200 per hour, which is substantially less than counsel's regular $350 hourly rate in non-contingent cases. *See* Claimant's Reply, [ECF No. 41], at 8.

All of this is to say that it is very difficult to analyze the contingent risk of non-payment in social security disability cases as a whole with any scientific accuracy and use it as a macro proxy to analyze whether an attorney fee requested in a particular case is unreasonable under the circumstances. And it perhaps proves the wisdom of Justice Ginsburg's majority opinion in *Gisbrecht* in which she expressed respect for contingent fee arrangements negotiated between a social security disability claimant and his or her counsel in a case like this when fees are paid by the client and not by the opposing party, and limited a court's role in such cases to a determination of whether "the fee sought is reasonable for the services rendered" taking into account "the

11

character of the representation and the results the representative achieved" as well as whether the requested fee is too high considering the amount of time spent to obtain a favorable result for the claimant. 535 U.S. at 791. Applying that analysis in this case, for all the reasons discussed above, the Court cannot conclude that the attorney fee requested by Claimant's counsel in this case is unreasonable under the circumstances.

At base, the Commissioner's argument in this case boils down to the assertion that an effective hourly rate of $1,447.09 is just too high. As discussed above, however, that rate is not terribly out of line with other attorney fee awards in this district in social security disability cases. Claimant's counsel took a risk that he would receive no fee at all if he did not succeed in obtaining benefits for his client. He argued the case well, worked efficiently, obtained the Commissioner's early agreement to a remand – something that does not happen in every or even close to every case and that materially reduced the time Claimant had to wait to obtain benefits – and he ultimately obtained a favorable award for Claimant that also resulted in benefits being awarded to Claimant's dependent child. The benefits awarded to Claimant's child were an anticipated result should Claimant prevail on his claim, and Claimant and his counsel negotiated an agreed contingent fee based upon the possibility of such benefits being awarded. *See* Retainer and Fee Agreement for Federal Court Representation, [ECF No. 35-3].

The Court does not see any reason to overturn Claimant's agreement with his counsel now because counsel will be paid a fee that translates into a relatively generous effective hourly rate, compared to his regular $350 hourly rate for non-contingent work, particularly when the Supreme Court cautioned in *Gisbrecht* that the effective hourly rate is only one piece of information, and not the most important piece, in determining the reasonableness of a contingent fee in cases like this. *See supra*, 535 U.S. at 807-808. The benefits obtained for Claimant in this case, including

12

those awarded to his dependent son, were substantial. The effective hourly rate for the time counsel spent pursuing the case in this court is not so high as to cause the Court to characterize it as a windfall based on the work performed, the result achieved, the attorney time spent in the litigation, and the attorneys' fees awarded in other similar cases in this district.

Because the Commissioner has not shown that the attorney fee requested in this case is unreasonable and would constitute a windfall to counsel, the Court will grant Claimant's counsel's attorney fee request because it is reasonable in relation to the services rendered in this case, the time spent to obtain the result achieved, and the past-due benefits awarded to Claimant and his dependent child.

## CONCLUSION

For all of the reasons discussed herein, Claimant's Amended Motion Approval of Attorney Fee [ECF No. 35] is granted in the amount of $50,069.50, and counsel shall return to Claimant the EAJA fees of $7,096.92. Claimant's original Motion for Approval of Attorney Fee [ECF No. 33] is denied as moot.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: November 17, 2020